PARKER, Chief Judge.
Annette M. Rinehart (the Mother) appeals the final order of modification which changed the residential custody of the parties’ seventeen-year-old son from the Mother to Randy W. Rinehart (the Father). We affirm because the record supports that there was a substantial change in circumstances and that it was in the best interest of the child to change the residential custody.
In the 1995 dissolution judgment, the Mother was granted primary residential custody of the son. In 1997, the son made a verbal request to permanently move into the Father’s residence, to which the Mother reluctantly agreed. Thereafter, the Father petitioned to modify the final judgment to change the primary residence of the son to the Father. The son was two months shy of his seventeenth birthday at the time of the hearing. Testimony at the hearing on the Father’s motion reflected that the son had changed schools and was doing well, that he had established a new core of friends, that he had a job close to the Father’s home, and that the son’s adult sister was living with the Father. The son also expressed a strong desire to continue to live with the Father.
While a trial court cannot determine that it is in the best interest of a child to change custody based only on the child’s desire to live with a particular parent, this is one factor the court can consider. See § 61.13(3)(i), Fla. Stat. (1997); Blosser v. Blosser, 707 So.2d 778 (Fla. 2d DCA 1998) (child’s preference alone may not support modification). Neither can a trial court base its decision on an agreement between the parents that temporarily changes residential custody, because it would not promote cooperation between parents. See Henderson v. Henderson, 537 So.2d 125, 126 (Fla. 1st DCA 1988) (citations omitted). However, the court can consider these factors along with the other factors listed in section 61.13(3), Florida Statutes (1997). The trial court can consider, and did in this case, “the length of time the child has lived in a stable, satisfactory environment and the desirability of maintaining continuity,” see § 61.13(3)(d); and, “the home, school, and community record of the child.” See § 61.13(3)(h). After considering all of these factors, the trial court determined *1187 that it was in the best interest of this seventeen-year-old child to remain with the Father. Accordingly, we cannot conclude that the trial court abused its discretion by changing residential custody from the Mother to the Father.
Affirmed.
THREADGILL and STRINGER, JJ., Concur.